**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WISCONSIN**

---

JOSE S. SOTO,

    Petitioner,

    v.                                             Case No. 06-C-0658

WILLIAM POLLARD, Warden
Green Bay Correctional Facility,

    Respondent.

---

## **DECISION AND ORDER**

---

On June 6, 2006, the petitioner, by counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 30, 2006, the petitioner filed a motion to stay proceedings and hold the case in abeyance pending further state court proceedings. The court granted the petitioner's motion and stayed the case. On July 13, 2009, pursuant to the court's order, the petitioner filed a motion to reopen the case requesting that the court lift the previously entered stay. The petitioner also filed an amended petition.

The court ordered the respondent to file an answer, motion or other response to the amended petition for a writ of habeas corpus. The respondent answered the amended petition. The parties subsequently briefed the amended petition for a writ of habeas corpus. Therefore, the petition is ready for disposition and will be addressed herein.

On July 25, 2001, the petitioner was convicted of first-degree intentional homicide and possession of a firearm by a felon. Subsequently, on August 22, 2001, Milwaukee County Circuit Court Judge Jeffrey A. Wagner sentenced the petitioner to life in prison without parole.

By his amended petition, the petitioner challenges the judgment of his conviction on the following grounds: (1) ineffective assistance of counsel when trial counsel failed to call a witness to impeach key prosecution witnesses; (2) ineffective assistance of counsel when trial counsel failed to present evidence that the police deprived the petitioner of his right to consult with counsel during an interrogation; (3) denial of due process when the trial court denied his motion for a new trial on the basis of newly discovered evidence; (4) ineffective assistance of counsel when the petitioner's postconviction counsel failed to pursue a claim that the petitioner's trial counsel was ineffective when he failed to seek suppression of the statements the petitioner made on the ground that the petitioner was denied his Sixth Amendment right to counsel during interrogation; (5) ineffective assistance of counsel when postconviction counsel failed to assert that David Claudio's confession to the murder with which the petitioner was charged, was not discovered until after the trial.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

**APPLICABLE LAW**

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214 (1996) which provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This provision entitles federal courts acting within their jurisdiction to interpret the law independently, but requires them to refrain from "fine tuning" state court interpretations. Lindh v. Murphy, 96 F.3d 856, 870-877 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). "Thus, although this court reviews the state court's legal conclusions and mixed questions of law and fact de novo, that review is 'tempered by AEDPA's deferential constraints.'" Hereford v. McCaughtry, 101 F.Supp.2d 742, 746 (E.D. Wis. 2000) (quoting Sanchez v. Gilmore, 189 F.3d 619, 623 [7th Cir. 1999]).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." Washington v. Smith, 219 F.3d 620, 628 (7th Cir. 2000) (quoting Williams

v. Taylor, 120 S. Ct. 1495, 1519 [2000]). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause stating that:

> under the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

Washington, 219 F.3d at 628. The court went on to explain that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" Id. (quoting Williams, 120 S. Ct. at 1523).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 748-49 (7th Cir. 1997). In Morgan v. Krenke, the court explained that:

> [u]nreasonableness is judged by an objective standard and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565-66 (7th Cir. 2000) (quoting Williams, 120 S.Ct. at 1522). Therefore, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. Washington, 219 F.3d at 628.

## **RELEVANT FACTUAL BACKGROUND**

The facts of this case were set forth by the Wisconsin Court of Appeals in its October 19, 2004, decision:

> On June 8, 2000, Hector Rodriguez was shot and killed in the lobby of an apartment building at 3014 West Pierce Street, Milwaukee, Wisconsin. A complaint charging Soto with first-degree intentional homicide, together with a warrant for his arrest, were issued. Soto was arrested by Houston, Texas police on the homicide warrant. City of Milwaukee Police Detectives Gregory Schuler and Matthew Quist traveled to Houston to interview Soto. Soto admitted his involvement in Rodriguez's death and signed a written statement to that effect. He was extradited to Milwaukee and was housed at the Waupun Correctional Institution because authorities felt he was too great a security risk to be kept in the county jail. While at Waupun, several of his letters were intercepted by the prison's gang intelligence unit and forwarded to the Milwaukee County District Attorney. The letters addressed a number of issues, including attempting to bribe a witness into saying someone else committed the murder, threatening to kill a witness if she testified, and asking a fellow gang member, Hipolito Claudio, who was also incarcerated, to admit that Claudio committed the murder. Soto moved to suppress the intercepted letters, but his motion was denied. The letters were never used at trial.
>
> Trial was set for May 7, 2001; however, the trial court permitted Michael Fitzgerald to substitute as attorney for Soto. Accordingly, the trial date was postponed. Fitzgerald represented Soto at the suppression hearing, at which Soto alleged that his confession was coerced and should have been suppressed. The trial court denied the motion and the jury trial began on June 4, 2001.
>
> On the second day of trial, Fitzgerald moved to withdraw as counsel because he discovered that he had represented the victim's brother five years earlier on a drug charge. Soto refused to waive the potential conflict of interest. The trial court allowed Fitzgerald to withdraw and declared a mistrial. Attorney Mark Richards was allowed to substitute in as Soto's counsel and a new trial commenced on July 23, 2001.

(Answer to Amended Petition for Writ of Habeas Corpus [Answer], Exh. E at 2-3).

The petitioner, by new counsel, filed a postconviction motion pursuant to Wis. Stat. §809.30 asserting newly discovered evidence and ineffective assistance of trial counsel. The

trial court denied the petitioner's motion. The petitioner appealed his conviction and the order denying his request for post-conviction relief.

The Wisconsin Court of Appeals affirmed the trial court's decision. As is relevant to the petitioner's petition, the Wisconsin Court of Appeals held that the affidavit of David Claudio was insufficient to satisfy the definition of newly discovered evidence because "Claudio failed to allege that this information was not discovered until *after* the trial. Thus, Claudio's affidavit does not constitute newly discovered evidence." Id. at 6. The court also concluded that the petitioner failed to establish ineffective assistance of trial counsel.

The petitioner filed a petition for review with the Wisconsin Supreme Court. The Wisconsin Supreme Court denied the petition on March 8, 2005.

On March 13, 2007, the petitioner filed a motion for postconviction relief pursuant to Wis. Stat. § 974.06. The petitioner alleged that his postconviction counsel failed in several ways to provide the petitioner with effective assistance of counsel. Specifically, the petitioner alleged that postconviction counsel failed to properly assert that the evidence establishing that Claudio, not the petitioner, murdered Rodriquez was newly discovered evidence. He also alleged that postconviction counsel failed to identify and raise as a ground for relief the admissibility of the petitioner's statement due to the government's violation of the petitioner's Sixth Amendment right to counsel.

The petitioner appealed and the Wisconsin Court of Appeals affirmed the trial court's denial of the petitioner's motion. The petitioner filed a petition for review with the Wisconsin Supreme Court. On May 13, 2009, the petitioner's petition for review was denied.

## **ANALYSIS**

In his petition, the petitioner raises four separate claims of ineffective assistance of counsel. First, he asserts that trial counsel rendered ineffective assistance by failing to call Detective Quist to impeach Elva Cameron, a key prosecution witness. Next, the petitioner submits that his trial counsel rendered ineffective assistance by failing to present evidence that the police deprived him of his right to consult with counsel during an interrogation and that his postconviction counsel rendered ineffective assistance when he failed to pursue a claim that the petitioner's trial counsel was ineffective when he failed to seek suppression of the petitioner's statements based on the ground that the petitioner was denied his Sixth Amendment right to counsel during interrogation. Lastly, the petitioner claims that postconviction counsel rendered ineffective assistance when he failed to assert that David Claudio's confession to the murder with which the petitioner was charged was not discovered until after the trial. In addition to his claims of ineffective assistance of counsel, the petitioner asserts that he was denied due process when the trial court denied his motion for a new trial on the basis of newly discovered evidence.

The petitioner maintains that he was denied his right to effective assistance of trial and postconviction counsel under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>Strickland</u> is "clearly established Federal law, as determined by the Supreme Court of the United States." <u>See</u> <u>Washington</u>, 219 F.3d at 627-628. Pursuant to <u>Strickland</u>, a petitioner "must show that counsel's performance was deficient . . [and] . . . the deficient performance prejudiced the defense." 466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that

the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

The first component requires a petitioner to show that his trial counsel "made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." Id. In considering the first component, the Supreme Court has instructed courts not to engage in "the distorting effects of hindsight," and to "evaluate the conduct from counsel's perspective at the time." Id. at 689. In addition, courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.; Kimmelman v. Morrison, 477 U.S. 365, 382 (1986).

Under the second component, a petitioner "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. A petitioner must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. If the court determines that the petitioner has failed to satisfy either component of the Strickland test, it need not address the other. See Chichakly v. United States, 926 F.2d 624, 630-31 (7th Cir. 1991).

This court must determine whether the Wisconsin Court of Appeals' rejection of the petitioner's ineffective assistance of counsel claims were either "contrary to, or involved an unreasonable application of" the performance and prejudice rules set out in Strickland. See Washington, 219 F.3d at 628. The petitioner does not assert that the decision by the Wisconsin

Court of Appeals is contrary to the performance and prejudice rules set out in in Strickland. Therefore, this court need only address whether the court's decision involved an unreasonable application of Strickland.

The petitioner asserts that his trial and postconviction counsel provided ineffective assistance in several respects. First, the petitioner asserts that trial counsel was ineffective for failing to call Detective Matthew Quist as a witness. The petitioner maintains that Detective Quist could have impeached Ms. Carmona's testimony that she and others were present at the Soto residence shortly before the shooting, which occurred at approximately 7:00 p.m. Because Ms. Carmona was the only eyewitness to the shooting for which the petitioner was convicted, the petitioner asserts that "[i]f her testimony regarding where she was immediately [prior] to the shooting were false, her alleged presence at the scene of the shooting, and her alleged observation of Soto during the shooting would be cast into doubt as well." (Petitioner's Brief in Support of Amended Petition for Writ of Habeas Corpus [Petitioner's Brief] at 10).

In response, the respondent asserts that the petitioner has failed to show that the Wisconsin Court of Appeals unreasonably applied Strickland in holding that trial counsel's failure to call Detective Quist to impeach Ms. Carmona was neither deficient performance nor prejudicial. The respondent contends that the record suggests a very plausible strategic reason for trial counsel's decision to forego calling Detective Quist as a witness. The respondent maintains that "the most logical explanation for Quist's failure to see Elva Carmona when he arrived at the Soto home was that she and the others had departed prior to Quist's arrival, not that she had lied about being there shortly before the shooting." (Brief in Opposition to

Amended Petition for Writ of Habeas Corpus [Respondent's Brief] at 5). Thus, the respondent asserts that any attempt to impeach Ms. Carmona with Detective Quist's testimony would have failed as she never specified when she had left the Soto home and Detective Quist never specified when he had arrived there. The respondent further asserts that the prosecutor easily could have established that Detective Quist did not see Ms. Carmona and the others because they had already left the Soto residence and, therefore, the Wisconsin Court of Appeals' conclusion that the failure to call Detective Quist was neither deficient nor prejudicial was reasonable.

> The Wisconsin Court of Appeals set out the relevant facts as follows,
>
> Carmona testified that on the date of the shooting, she was with Soto at the Soto home. She indicated that upon leaving the Soto home, they went to Rodriguez's "boss's" house and then to the apartment building where the shooting occurred. It is undisputed that the shooting occurred at approximately 7:00 p.m. Based on these facts, Soto contends that Carmona was at the Soto home between 6:30 p.m. and shortly before 7:00 p.m.
> Detective Quist's report reflects that on the date of the shooting at approximately 6:28 p.m., he was showing photos to a witness at an undisclosed location. Thereafter, he went to the Soto home. Quist did not see Carmona at the Soto home. Based on these facts, Soto argues that Quist must have been at the Soto home at the very same time Carmona was there, but Quist did not see Carmona at the Soto home.

(Answer, Exh. E at 8-9).

In rejecting the petitioner's claim of ineffective assistance, the Wisconsin Court of Appeals stated that the facts, as asserted by the petitioner,

> fall far short from presenting an absolute accounting as to the timing regarding who was where and when. It is very possible that Quist did not arrive at the Soto home until after Carmona left. Soto's claim is based on unfounded assumptions as to the time that Carmona indicated they were at the Soto home and the time Quist would have arrived at the Soto home. Accordingly, we agree with the trial

- 10 -

> court that Soto has not shown that failing to call Quist as a witness constituted ineffective assistance. Soto failed to establish deficient performance or prejudicial effect. Even if trial counsel called Quist to testify to impeach Carmona, such testimony would not have altered the outcome of the trial. The timing was too indefinite and could have easily been explained. Moreover, the timing questions would not have altered the eyewitness account of the shooting or the other credible facts and witnesses supporting Carmona's testimony.

(Answer, Exh. E at 9).

The petitioner asserts that trial counsel could not have had a "strategically reasonable basis" for omitting Detective Quist's testimony and that substantial prejudice resulted from this omission. (Petitioner's Brief at 11). Specifically, the petitioner contends that Ms. Carmona was the only alleged eyewitness to the shooting and, thus, "if her testimony regarding where she was immediately prior to the shooting were false, her alleged presence at the scene of the shooting, and her alleged observation of Soto during the shooting would be cast into doubt as well." (Petitioner's Brief at 10).

The respondent asserts that the record suggests a strategic reason for trial counsel's decision to forego calling Detective Quist as a witness. However, the court of appeals for this circuit has stated that "[j]ust as a reviewing court should not second guess the strategic decisions of counsel with the benefit of hindsight, it should also not construct strategic defenses which counsel does not offer." Davis v. Lambert, 388 F.3d 1052, 1064 (7th Cir. 2004) (quoting Harris v. Reed, 894 F.2d 871, 878 [7th Cir. 1990]). In this case, the trial court did not hold a Machner hearing and, therefore, the record contains no evidence regarding trial counsel's strategy.

Nonetheless, even if the petitioner's trial counsel's performance was deficient, the petitioner must show that his counsel's deficient performance prejudiced his defense in violation of Strickland's second element. The petitioner has not offered any reasonable evidence that but for not calling Detective Quist, the result of the proceeding would have been different. "[W]hen the allegation of the ineffectiveness of counsel centers on a supposed failure to investigate . . . the petitioner's obligation [of showing prejudice cannot] be met without a comprehensive showing as to what would have been produced." United States ex rel. Cross v. DeRobertis, 811 F.2d 1008, 1016 (7th Cir. 1987). "Complaints of uncalled witnesses are not favored in federal habeas review." DeRobertis, 811 F.2d at 1016 (quoting Murray v. Maggio, 736 F.2d 279, 282 [5th Cir. 1984]). "Therefore, if the potential witnesses are not called, it is incumbent on the petitioner to explain their absence and to demonstrate, with some precision, the content of the testimony they would have given at trial." DeRobertis, 811 F.2d at 1016.

It is undisputed that the shooting in this case occurred at 7:00 p.m. At trial, Ms. Carmona testified that almost immediately before the shooting they were at the Soto residence located at 221 S. 18th Street in Milwaukee. Ms. Carmona testified that when they were at the residence she obtained the keys to a brown van from the petitioner's father, that she, the petitioner's father, and Susan Soto were all standing in front of the house, while Ms. Ortiz, the petitioner and Mr. Rodriguez were across the street. Ms. Carmona further testified that she, the petitioner, and Mr. Rodriguez left the Soto residence and went directly to Mr. Rodriguez's employer's house and to the apartment building where the shooting occurred. Detective Quist's report stated that on the day of the shooting at approximately 6:20 p.m. he was showing photos to a

witness. Shortly thereafter he went to the Soto residence at 221 S. 18th Street, at which time he observed no one to be present. Accordingly, the state court's decision that the petitioner was not prejudiced by any deficiency was not an unreasonable application of clearly established federal law as determined by the United States Supreme Court. See Williams, 529 U.S. at 412-13.

The petitioner also contends that trial counsel was ineffective for failing to seek suppression of his statement to the police on the ground that it was obtained in violation of his Sixth Amendment right to counsel. Additionally, the petitioner asserts that his postconviction counsel was ineffective for failing to assert trial counsel's ineffectiveness on this issue.

In concluding that neither trial counsel nor postconviction counsel was ineffective in failing to pursue a Sixth Amendment challenge to the petitioner's statements, the Wisconsin Court of Appeals explained:

> Jensen testified at the ***Machner*** hearing that, based on his conversation with Fitzgerald, the phone restriction issue as a ground for the suppression motion was not raised because he did not want Soto to testify at the suppression hearing, which he would have had to do to pursue this claim. Jensen recounted Fitzgerald's reasons to support this strategic decision. First, putting Soto on the stand at the suppression hearing would have given the State a preview of Soto's testimony. Second, it would have given the State an opportunity to cross-examine Soto and ask him questions about the damaging letters he had written in prison and the suspected self-abuse he engaged in. Soto claimed that Schuler and Quist had poured hot coffee on his hands when interviewing him in Texas, resulting in scalding of his hands and coercion of his confession. Schuler testified, however, that there was no coffee available at the Harris County Jail and the State had additional evidence that Soto's scalded hands were the result of self-abuse he had inflicted upon himself. Based on these circumstances, Fitzgerald, who intended to pursue the alibi defense at trial, made a reasonable strategic decision to forgo raising the phone restriction issue as a basis for suppression. Jensen testified that Fitzgerald explained his theory of defense, leading Jensen to conclude that Fitzgerald's course of action was reasonable, which is why Jensen

elected not to assert ineffective assistance based on the phone restriction issue in the first postconviction motion or the direct appeal. We hold that Fitzgerald's strategic decision was reasonable and did not constitute deficient performance. Logically then, Jensen's decision not to raise this issue did not constitute ineffective assistance either.

We also note that the record demonstrates that Soto approved the final version of the postconviction motion filed by Jensen. Jensen testified that: "Mr. Soto had given me an order that I not file anything until he approve[d] of it." Thus, Soto was aware of what issues were being raised and his implicit consent could be construed as waiver of any future right to raise additional issues.

With regard to Richards and whether he was deficient for failing to seek a second suppression hearing to raise the phone restriction issue, we again conclude that no deficient performance occurred. First, a defendant is not entitled to multiple suppression hearings or a new suppression hearing every time he acquires a new lawyer. Second, Richards was pursuing a different defense strategy. Instead of arguing alibi, he sought to impeach all of the State's witnesses with the hope of getting the court to instruct on a lesser-included offense. The basis for the lesser-included offense was Soto's statement. If Richards had sought to suppress the statement, there would be no basis upon which to request a lesser-included offense instruction. Moreover, the State had a strong case against Soto, even without his statement. Namely, it had an eyewitness who saw Soto shoot Rodriguez. Again, we conclude that Richards's conduct did not constitute deficient performance. His trial strategy, under the circumstances, was reasonable and to seek a second suppression hearing would have been counterproductive.

(Answer, Exh. J at 9-11).

The petitioner's initial trial counsel proceeded on an alibi defense. Counsel had filed a Notice of Alibi alleging that the petitioner was traveling to his brother's high school graduation in the company of family members at the time of the crime. The petitioner's third trial counsel, Attorney Richards, abandoned the alibi defense and used the petitioner's statement to detectives as the basis for successfully requesting submission of the lesser-included crimes of first-degree reckless homicide and homicide by negligent handling of a dangerous weapon.

Without the petitioner's statement, there would have been no factual basis for submission to the jury of either of these less serious degrees of homicide. The petitioner's trial counsel had a strategic reason for not pursuing a renew suppression motion based on a claimed violation of the petitioner's Sixth Amendment right to counsel.

The Wisconsin Court of Appeals found that trial counsel's strategy was reasonable under the circumstances and "to seek a second suppression hearing would have been counterproductive." (Answer, Exh. J at 11). "It is well established that [the court's] scrutiny of counsel's trial strategy is to be deferential and that we do not second guess the reasonable tactical decisions of counsel in assessing whether his performance was deficient." Johnson v. Thurmer, 624 F.3d 786, 792 (7th Cir. 2010) (citing United States v. Recendiz, 557 F.3d 511, 531 [7th Cir. 2009] and Rodriguez v. United States, 286 F.3d 972, 986 [7th Cir. 2002]). Thus, [w]ith that deferential eye, [the court] conclude[s] that counsel's performance was not deficient on this point." Id.

The court reasonably applied Strickland in concluding the petitioner's trial counsel did not perform deficiently and that postconviction counsel did not perform deficiently by failing to assert trial counsel's ineffectiveness. Thus, the state court's decision was not an unreasonable application of clearly established federal law as determined by the United States Supreme Court. See Williams, 529 U.S. at 412-13.

Finally, the petitioner asserts ineffective assistance of postconviction counsel as a result of counsel's failure to contend that David Claudio's confession to the murder with which the

petitioner was charged was not discovered until after the petitioner's trial. In response, the respondent maintains that David Claudio's confession to the murder was not new evidence.

In deciding the appeal of the petitioner's Wis. Stat. § 974.06 motion, the court of appeals explained:

> Here, the circuit court did not erroneously exercise its discretion in refusing to conduct an evidentiary hearing on this issue. The record conclusively shows that a failure to allege that Claudio's confession was not known until after the trial was not only false, but also was not the basis on which the circuit court denied the motion. In its original decision denying Soto's first postconviction motion, the circuit court found Claudio's affidavit taking responsibility for the homicide to be "completely at odds with the eyewitness testimony" and would not have made any difference in the outcome of this case. The circuit court referenced a police report documenting the conversation between a jail inmate by the name of Hector Cubero and Quist. Cubero stated that before Soto's trial, Soto told Cubero he had killed Rodriguez, but was going to get fellow gang member, David Claudio, to confess to the murder. Cubero also saw Claudio's handwritten statement confessing to the Rodriguez killing. The report reflects that the Cubero-Quist conversation took place months before Soto's trial. Obviously, then Claudio's confession was not "new."

(Answer, Exh. J at 12-13). The court held, therefore, that because David Claudio's confession was not new, the petitioner's post conviction counsel's failure to allege that it was did not constitute deficient performance.

The determination that David Claudio's confession was not new is a factual finding. In deciding a petition for a writ of habeas corpus, the court presumes the factual findings of the state court to be correct, unless the petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); see also Allen v. Buss, 558 F.3d 657, 661 (7th Cir. 2009). In this case, the petitioner states that

> Soto's §974.06 motion alleged facts about his postconviction counsel's ineffective failure to allege that Claudio's statements were 'newly discovered' that, if true,

- 16 -

> entitle Soto to relief. . . . Soto's §974.06 motion alleged that the information in Claudio's affidavit was unknown to Soto until after his trial. Soto's motion therefore factually demonstrates that Soto was deprived of a chance to present his newly discovered evidence to the court by postconviction counsel's drafting error.

(Petitioner's Brief in Support of Amended Petition for a Writ of Habeas Corpus at 23). However, allegations alone are insufficient to rebut the presumption that the factual findings of the state court are correct. Accordingly, the petitioner failed to rebut the presumption that the state court's factual finding that David Claudio's confession was not new. Thus, the Wisconsin Court of Appeals' conclusion that the petitioner's post conviction's counsel's failure to allege that the David Claudio's confession was new did not constitute deficient performance, is not contrary to, or an unreasonable application of Supreme Court law.

The petitioner also asserts that his right to due process was violated when the trial court denied his motion for a new trial based on newly discovered evidence.[1] In response, the respondent maintains that such a claim is not cognizable under 28 U.S.C. § 2254. Alternatively, the respondent asserts that the petitioner procedurally defaulted this claim by failing to frame it as a due process violation on direct appeal.

The Supreme Court has expressly held that "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas

---

[1] The petitioner also asserts that his postconviction counsel was ineffective for failing to raise the petitioner's actual innocence as a substantive due process claim. The petitioner's petition did not include this as a ground for relief. A petition is not amended by an argument in a party's brief. See Insolia v. Philip Morris Inc., 216 F.3d 596, 606 (7th Cir. 2000) (The plaintiff may not amend his complaint through arguments in her brief in opposition to a motion for summary judgment). Thus, any ineffective assistance of postconviction counsel claim as a result of counsel's failure to raise the petitioner's actual innocence as a substantive due process claim the petitioner now makes is summarily rejected.

corpus." Herrera v. Collins, 506 U.S. 390, 400 (1993)(quoting Townsend v. Sain, 372 U.S. 293, 313 [1963]). The law is clear that federal courts are empowered to grant habeas relief only on a showing that a defendant has been denied rights guaranteed under the Constitution or laws of the United States. Coogan v. McCaughtry, 958 F.2d 793, 801 (7th Cir. 1992). Thus, it is not sufficient to show that the trial court committed error in denying the petitioner's motion for a new trial.

To state a ground for federal habeas relief, claims based on newly discovered evidence "must relate to a constitutional violation independent of any claim of innocence." Johnson v. Bett, 349 F.3d 1030, 1038 (7th Cir. 2003)(citing Herrera, 506 U.S. 390). The court of appeals for this circuit has said that the "'refusal to grant a new trial of the basis of newly discovered evidence is not actionable in habeas corpus.'" Johnson, 349 F.3d at 1038 (quoting Guinan v, United States, 6 F.3d 468, 470 (7th Cir. 1993), *overruled on other grounds by*, Massaro v. United States 538 U.S. 500 (2003). Additionally, the court stated that

> where the "newly discovered evidence" consists of witness recantations of trial testimony or confessions of others to the crime, most courts decline to consider it in the absence of any showing that the prosecution knowingly proffered false testimony or failed to disclose exculpatory evidence or that the petitioner's counsel was ineffective.

Johnson, 349 F.3d at 1038 (citing Coogan v. McCaughtry, 958 F.2d at 801).

The petitioner does not assert that there is any underlying constitutional violation in this case. Rather, the petitioner contends that if the new evidence was presented to the jury then it might decide the case differently. "Federal courts are not forums in which to relitigate state trials." Herrara, 506 U.S. at 401 (quoting Barefoot v. Estelle, 463 U.S. 880, 887 [1983]).

Accordingly, the petitioner's claim for relief based on newly discovered evidence is not reviewable via a federal habeas corpus petition.

In sum, the petitioner's petition for a writ of habeas corps will be denied. The Wisconsin Court of Appeals' decision that the petitioner's trial and postconviction counsel were not ineffective was not "contrary to" or an "unreasonable application" of, Supreme Court law. Additionally, the petitioner ground for relief based on newly discovered evidence is not reviewable via a federal habeas corpus petition.

Finally, in accordance with Rule 11 of the Rules Governing Section 2254 Cases as amended, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the application." "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court concludes that the petitioner has failed to make this requisite showing that his constitutional rights were denied. Therefore, the court will deny a certificate of appealability as to the petitioner's claims.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue as to any of the petitioner's claims.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this __10th__ day of May, 2012.

>BY THE COURT:
>
>s/Patricia J. Gorence
>PATRICIA J. GORENCE
>United States Magistrate Judge