# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSE S. SOTO,

    Petitioner,

    v.                                                                      Case No. 06-C-0658

WILLIAM POLLARD, Warden
Green Bay Correctional Facility,

    Respondent.

## DECISION AND ORDER

On May 28, 2012, petitioner Jose Soto Jr., filed a motion pursuant to Fed. R. Civ. P. 59(e) asking this court to alter or amend the judgment entered May 10, 2012, which denied his habeas corpus petition. (Docket # 46). The petitioner also filed a motion for leave to proceed in forma pauperis on appeal and a request for a certificate of appealability. The court previously determined that a certificate of appealability should not issue as to any of the petitioner's claims. Accordingly, the court will deny the petitioner's request for a certificate of appealability.

Although the court determined that a certificate of appealability should not issue, that does not preclude the court from granting the plaintiff's request for leave to proceed in forma pauperis on appeal. The standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether to grant a request for in forma pauperis status. Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000). It is more demanding. Id.

The petitioner requests in forma pauperis status so that he may avoid paying the appellate filing fee of $455.00. The petitioner was not in forma pauperis at the district court

level because he paid the $5.00 filing fee in this court. Section 1915(a)(1) of Title 28, United States Code, authorizes the commencement of an appeal without prepayment of fees by a person who submits an affidavit that includes a statement of all assets he possesses and that he is unable to pay such fees. In deciding whether to grant the petitioner's request to leave in forma pauperis on appeal, the court must determine whether the petitioner's appeal is in good faith. See 28 U.S.C. § 1915(a)(3). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker, 216 F.3d at 632. An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 [1967]); see also, Coppedge v. United States, 369 U.S. 438, 445 (1962). The existence of any non-frivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed in forma pauperis. Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988).

In this case, it appears that the petitioner's arguments are not so baseless that they would be dismissed as frivolous without further consideration. Thus, as far as § 1915(a)(3) is concerned, he should be allowed to proceed. The affidavit of financial status filed by the petition indicates that he is unemployed, never had a job and has no assets.

One need not be completely destitute in order to proceed in forma pauperis under § 1915. An affidavit demonstrating that a person cannot, because of his poverty, provide himself with the necessities of life is sufficient. Dotson v. Blood Center of Southeastern Wisconsin, 988 F. Supp. 1216, 1219 (E.D. Wis. 1998). As the petitioner is incarcerated, his "necessities of life" are provided for him already. Nevertheless, the petitioner does not

have the money necessary to pay the appellate filing fee of $455.00. Accordingly, the petitioner's motion to proceed in forma pauperis on appeal will be granted.

A motion for reconsideration, or a motion to alter or amend judgment pursuant to Rule 59(e), serves three very limited purposes in federal civil litigation: newly discovered evidence; an intervening change in the controlling law; or manifest error of law. Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998); In re Prince, 85 F.3d 314, 324 (7th Cir. 1996); Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996); Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted).

Rule 59(e) motions generally are not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. Moro, 91 F.3d at 876; Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). The purpose of the rule is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." Charles v. Daley, 799 F.2d 343, 348 (7th Cir. 1986). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." Prince, 85 F.3d at 324.

The petitioner asserts that the court found that there was no Machner[1] hearing and, therefore, "the court's contention that counsel 'strategically' chose not to pursue the alibi defense" is unsupported. (Motion to Alter / Amend and Reconsider at 2). However, although there was no Machner hearing on the petitioner's assertion that his trial counsel was ineffective for failing to call Detective Matthew Quist as a witness, there was a

---

[1] An evidentiary hearing provided under Wisconsin law to preserve trial counsel's testimony when pursuing an ineffective assistance of counsel claim. State v. Machner, 92 Wis. 2d 797, 285 N.W.2d 905, 908-09 (Wis. 1979).

- 3 -

Machner hearing as to the petitioner's assertion that counsel was ineffective for failing to seek suppression of his statement to the police on the ground that it was obtained in violation of his Sixth Amendment right to counsel.

The petitioner has not submitted newly discovered evidence with his motion to alter or amend. Additionally, he simply reargues the merits of his petition and claims that this court decided the matter incorrectly the first time. Therefore, the petitioner is not entitled to relief under Rule 59(e).

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's motion to proceed in forma pauperis on appeal be and hereby is **granted**. (Docket # 50).

**IT IS FURTHER ORDERED** that the petitioner's motion for reconsideration pursuant to Rule 59(e) be and hereby is **denied**. (Docket # 46)

**FINALLY, IT IS ORDERED** that the petitioner's request for a certificate of appealability be and hereby is **denied.**

Dated at Milwaukee, Wisconsin this  21st  day of June, 2012.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

O:\HABEAS\Soto reconsider 3.wpd

- 4 -